UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON KEMPER,<br><br>             Plaintiff,<br><br>      v.<br><br>CROSSON, et al.,<br><br>             Defendants. | No.  2:14-cv-0305 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

By order filed July 24, 2014, the instant action was dismissed based on plaintiff's failure to pay the filing fee. On August 8, 2014, plaintiff filed a motion for reconsideration, based on his payment of the filing fee to the United States District Court for the Northern District of California. Plaintiff provided copies of his notice from the Northern District, as well as a copy of his trust account statement reflecting payment of the balance due. Good cause appearing, the order and judgment are vacated, and the court will now screen plaintiff's complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
6  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
9  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
10 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
11 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
12 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
13 1227.
14       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
15 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
16 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
17 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
18 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
19 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
20 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
21 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
23 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
24 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
25 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
26 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
27 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).
28 ////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

In his complaint, plaintiff alleges that he did not request to see an eye doctor, but found out he was referred to Dr. Crosson by Dr. Pie around December of 2012. Plaintiff states that an unidentified procedure was done to his eyes, and that he was told nothing regarding the damage to his eyes, but that he suffers painful eyes, red and dry eyes, and "diminished vision in the future."

(ECF No. 1 at 3.)  Plaintiff claims he was "mysteriously moved from Dr. Pie core [sic] to another unit."  (Id.)  Plaintiff seeks one million dollars in damages for pain and suffering and possible future diminished vision.  (Id.)

However, plaintiff provided a copy of an informed consent form, signed by plaintiff on February 12, 2013.  (ECF No. 1 at 7.)  The form states that physician Dr. Crosson recommended that plaintiff be provided the following procedure:  "laser openings to prevent high eye pressure attach both eyes."  (ECF No. 1 at 7.)  The consent form explained that the procedure "may involve risks of unsuccessful results or complications."  (Id.)

First, plaintiff includes no charging allegations as to Dr. Pie.  Dr. Pie's referral to Dr. Crosson is insufficient, standing alone, to state a cognizable claim for deliberate indifference under the Eighth Amendment.

Second, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment.  To maintain an Eighth Amendment claim based on prison medical treatment, plaintiff must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference.  Jett, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

4

substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cnty. of Kern, 45 F.3d 1310, 1316 (9th Cir.1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir.1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, plaintiff alleges no facts demonstrating that defendant Dr. Crosson was deliberately indifferent to plaintiff's serious medical needs or acted with a culpable state of mind. The consent form states that the procedure was "to prevent high eye pressure." (ECF No. 1 at 7.) Absent factual allegations to the contrary, such procedure appears medically necessary. To the extent plaintiff sustained side effects from the procedure, plaintiff alleges no facts demonstrating that the side effects were unexpected, or were the result of Dr. Crosson's deliberate indifference rather than a known risk of surgery, or the result of Dr. Crosson's negligence, in other words, medical malpractice.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.
////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff need not re-attach exhibits inasmuch as his prior exhibits remain a part of the court record and can be referred to by any party.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 19) is granted;

2. The July 24, 2014 order and judgment (ECF Nos. 17, 18) are vacated;

3. Plaintiff's complaint is dismissed; and

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  August 15, 2014

/kemp0305.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON KEMPER, | No. 2:14-cv-0305 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| DR. CROSSON, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____      Amended Complaint

DATED:

                                                 _____
                                                 Plaintiff