1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WINSTON KEMPER,                              No.  2:14-cv-0305 KJN P

12                  Plaintiff,

13        v.                                      ORDER

14   CROSSON, et al.,

15                  Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and paid the filing fee.  Plaintiff consented to proceed before the undersigned

19   for all purposes.  See 28 U.S.C. § 636(c).

20         By order filed August 15, 2014, plaintiff's complaint was dismissed, and plaintiff was

21   granted thirty days in which to file an amended complaint.  (ECF No. 20.)  On September 3,

22   2014, plaintiff filed an amended complaint.  As set forth in the August 15, 2014 order, the court is

23   required to screen complaints brought by prisoners seeking relief against a governmental entity or

24   officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a

25   complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

26   malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

27   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28   ////

Plaintiff's amended complaint contains two allegations:  (1) Dr. Pie, following differences in medical opinion, referred plaintiff to an ophthalmologist; and (2) Dr. Crosson gave plaintiff laser surgery which caused plaintiff to get glaucoma, "all of which was done with no prior tests." (ECF No. 22 at 3.)  Plaintiff seeks monetary damages of one million dollars.

First, plaintiff's claim that the laser surgery caused plaintiff's glaucoma is belied by the exhibit appended to plaintiff's original complaint.  (ECF No. 1 at 7.)  Dr. Crosson recommended that plaintiff receive laser surgery "to prevent high eye pressure."  (Id.)  Laser surgery is used to decrease pressure in the eyes, and is a treatment for glaucoma.  "Several large studies have shown that eye pressure is a major risk factor for optic nerve damage."  Facts About Glaucoma, National Eye Institute <http://www.nei.nih.gov/health/glaucoma/glaucoma_facts.asp>, accessed September 9, 2014.  "For reasons that doctors don't fully understand, increased pressure within the eye (intraocular pressure) is usually, but not always, associated with the optic nerve damage that characterizes glaucoma.  This pressure is due to a buildup of a fluid (aqueous humor) that flows in and out of your eye."  Glaucoma Causes, Mayo Clinic (Oct. 2, 2012) <http://www.mayoclinic.org/diseases-conditions/glaucoma/basics/causes/con-20024042>, accessed September 9, 2014.  Thus, the exhibit provided by plaintiff demonstrates that the laser surgery was used to reduce pressure in plaintiff's eyes, not cause the symptoms exhibited by glaucoma.

Second, differences in medical opinion do not rise to the level of an Eighth Amendment violation.  A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a[§ ]1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012)

1   (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the

2   prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681

3   F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly

4   deny recommended surgical treatment may be medically unacceptable under all the

5   circumstances.)

6        Thus, to the extent plaintiff contends that Dr. Pie should not have referred plaintiff to an

7   ophthalmologist, such claim constitutes a mere difference of opinion and fails to state a

8   cognizable civil rights claim.

9        Third, it is unclear whether plaintiff can allege facts demonstrating deliberate indifference

10  based on his vague statement, "all of which was done with no prior tests."  (ECF No. 22 at 3.)

11       Not every claim by a prisoner that he has received inadequate medical treatment states a

12  violation of the Eighth Amendment.  To maintain an Eighth Amendment claim based on prison

13  medical treatment, plaintiff must show (1) a serious medical need by demonstrating that failure to

14  treat a prisoner's condition could result in further significant injury or the unnecessary and

15  wanton infliction of pain, and (2) a deliberately indifferent response by defendant.  Jett v. Penner,

16  439 F.3d 1091, 1096 (9th Cir. 2006).

17       To act with deliberate indifference, a prison official must both know of and disregard an

18  excessive risk to inmate health; the official must both be aware of facts from which the inference

19  could be drawn that a substantial risk of serious harm exists and he must also draw the inference.

20  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may

21  be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need,

22  and harm caused by the indifference.  Jett, 439 F.3d at 1096.  Deliberate indifference may also be

23  shown when a prison official intentionally denies, delays, or interferes with medical treatment or

24  by the way prison doctors respond to the prisoner's medical needs.  Estelle v. Gamble, 429 U.S.

25  97, 104-05 (1976); Jett, 439 F.3d at 1096.

26       In applying this standard, the Ninth Circuit has held that before it can be said that a

27  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

28  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

3

1    cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429

2    U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a

3    medical condition does not state a valid claim of medical mistreatment under the Eighth

4    Amendment. Medical malpractice does not become a constitutional violation merely because the

5    victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cnty. of Kern, 45 F.3d 1310,

6    1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on

7    other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even

8    gross negligence is insufficient to establish deliberate indifference to serious medical needs. See

9    Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

10        Here, the consent form signed by plaintiff states that the laser surgery was "to prevent

11   high eye pressure." (ECF No. 1 at 7.) The consent form suggests that the pressure in plaintiff's

12   eyes was high, requiring laser surgery, and absent factual allegations to the contrary, appears

13   medically necessary. Because it appears the laser surgery was done to prevent high pressure in

14   plaintiff's eyes, it appears unlikely that plaintiff can state a cognizable Eighth Amendment claim

15   based on his vague allegation that no prior tests were performed. Arguably, some form of eye test

16   was performed that demonstrated plaintiff suffered with high pressure in his eyes prior to the

17   signing of the consent form. But in an abundance of caution, plaintiff is granted one final

18   opportunity to amend his claims should he be able to allege facts demonstrating deliberate

19   indifference in performing the laser surgery.

20        The court finds the allegations in plaintiff's amended complaint so vague and conclusory

21   that it is unable to determine whether the current action is frivolous or fails to state a claim for

22   relief. The court has determined that the amended complaint does not contain a short and plain

23   statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible

24   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

25   succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must

26   allege with at least some degree of particularity overt acts which defendants engaged in that

27   support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed.

28   R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant

4

1  leave to file a second amended complaint.

2          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

3  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

4  Goode, 423 U.S. 362, 371 (1976).  Also, the second amended complaint must allege in specific

5  terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. §

6  1983 unless there is some affirmative link or connection between a defendant's actions and the

7  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

8  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

9  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

10  268 (9th Cir. 1982).

11          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

12  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

13  complaint be complete in itself without reference to any prior pleading.  This requirement exists

14  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

15  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

16  original pleading no longer serves any function in the case.  Therefore, in his second amended

17  complaint, as in an original complaint, each claim and the involvement of each defendant must be

18  sufficiently alleged.

19          In accordance with the above, IT IS HEREBY ORDERED that:

20          1.  Plaintiff's amended complaint is dismissed; and

21          2.  Within thirty days from the date of this order, plaintiff shall complete the attached

22  Notice of Amendment and submit the following documents to the court:

23                  a.  The completed Notice of Amendment; and

24                  b.  An original and one copy of the Second Amended Complaint.

25  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act,

26  the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended

27  ////

28  ////

1   complaint must also bear the docket number assigned to this case and must be labeled "Second

2   Amended Complaint."

3          Failure to file a second amended complaint in accordance with this order will result in the

4   dismissal of this action.

5   Dated:  September 10, 2014

6

7   kemp0305.14b

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WINSTON KEMPER,                          No.  2:14-cv-0305 KJN P

12              Plaintiff,

13        v.                                  NOTICE OF AMENDMENT

14   DR. CROSSON, et al.,

15              Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19             _____        Second Amended Complaint

20   DATED:

21

22                                  _____
                                    Plaintiff

23

24

25

26

27

28