UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON KEMPER, | No. 2:14-cv-0305 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. CROSSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's second amended complaint is before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his second amended complaint, plaintiff affirmatively states that he did not file a grievance concerning the facts related to his complaint because he "was not aware [he] had to do so." (ECF No. 24 at 2.)

////

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).

Compliance with the exhaustion requirement is mandatory for any type of relief sought. Booth v. Churner, 532 U.S. 731, 739, 741(2001) (holding that prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. See Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Id. § 3084.1(b).

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or

1   otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.  When the
2   rules of the prison or jail do not dictate the requisite level of detail for proper review, a prisoner's
3   complaint "suffices if it alerts the prison to the nature of the wrong for which redress is sought."
4   Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  This requirement is so because the
5   primary purpose of a prison's administrative review system is to "notify the prison of a problem
6   and to facilitate its resolution."  Griffin, 557 F.3d at 1120.

7       Non-exhaustion under § 1997e(a) is an affirmative defense.  Bock, 549 U.S. at 204, 216.
8   However, where it is clear that a plaintiff has not first exhausted his administrative remedies,
9   courts may dismiss such claims *sua sponte*.  See id. at 199, 214-16 (exhaustion is an affirmative
10  defense and *sua sponte* dismissal for failure to exhaust administrative remedies under the PLRA
11  is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes
12  the failure to exhaust); see also Salas v. Tillman, 162 Fed. Appx. 918 (11th Cir. 2006), cert.
13  denied, 549 U.S. 835 (2006) (district court's *sua sponte* dismissal of state prisoner's civil rights
14  claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely
15  failed to pursue his administrative remedies, and a continuance would not permit exhaustion
16  because any grievance would now be untimely).

17      Here, plaintiff concedes that he did not file a grievance concerning his claim that
18  defendants were deliberately indifferent to his serious medical needs by performing laser surgery
19  to prevent high eye pressure in both eyes, allegedly without performing prior medical tests to
20  determine that such surgery was necessary.  The surgery was performed in early 2013; thus, any
21  grievance filed now would be untimely.

22      Accordingly, IT IS HEREBY ORDERED that within thirty days, plaintiff shall show
23  cause why this action should not be dismissed without prejudice based on plaintiff's admitted
24  failure to exhaust administrative remedies prior to filing suit in federal court.  Failure to comply
25  with this order will result in a recommendation that this action be dismissed.

26  Dated:  October 28, 2014

27                                                   KENDALL J. NEWMAN
                                                 UNITED STATES MAGISTRATE JUDGE

28  /kemp0305.fte